# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| **DIONNE CRAWFORD,**<br>15016 Dahlia Drive<br>Bowie, MD 20721<br>Prince George's County<br><br>Plaintiff,<br><br>vs.<br><br>**GC SERVICES, LIMITED PARTNERSHIP,**<br>6330 Gulfton St, Suite 300,<br>Houston, Texas 77081<br><br>and<br><br>**DOES 1 through 10, inclusive,**<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT AND DEMDAND FOR JURY TRIAL** |

## COMPLAINT

### *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Dionne Crawford (hereinafter "Plaintiff"), an individual consumer, against Defendant, GC Services, Limited Partnership (hereinafter "Defendant"), for violations of the Fair Debt

1

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3.  Plaintiff, Dionne Crawford, is a natural person with a permanent residence in Bowie, Prince Georges County, Maryland 20721.

4.  Upon information and belief, the Defendant, GC Services, Limited Partnership, is a foreign limited partnership engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

6.   The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.   Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at her place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8.   Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

9.   Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.   Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

11.   The representations made to Plaintiff by Defendant regarding garnishment were false.

12.   Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed Plaintiff's right to dispute the validity of the debt.

13.   The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14.   The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15.   The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

16.   Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.   CLAIM FOR RELIEF

17.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a)    Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

    (b)    Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c)    Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (d)    Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (e)    Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Dionne Crawford, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, Limited Partnership, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Dionne Crawford, demands trial by jury in this action.

DATED: August 16, 2013

RESPECTFULLY SUBMITTED,

By: /s/ L. Jeannette Rice
L. Jeanette Rice, Esq., 12933
Walsh, Becker, Moody & Rice
14300 Gallant Fox Lane # 218
Bowie, MD 20715
Tel: (301)262-6000
Fax: (301)262-4403
Email: riceesq@walshbecker.com
*Attorney for Plaintiff,*
*Dionne Crawford*